KLEIN, Judge.
Appellant, who operates an Assisted Living Facility, was found guilty of neglect in regard to an elderly resident for failure to give him a medication which had been prescribed. We reverse.
Appellant is a practical nurse who operates an assisted living facility for six residents. The patient is a seventy-six year old man who suffers from dementia, Parkinson’s disease, and probably Alzheimer’s disease. He had been taking four medications, one for Parkinson’s, one for depression, one to help him sleep, and the one in issue, Xanax, a sedative. The resident’s wife was unhappy with the care her husband had been receiving at appellant’s facility, and filed a complaint with the Long-Term Care Ombudsman Counsel. The Ombudsman visited the facility and found that the resident had not been receiving Xanax. The administrative law judge, after an evidentiary hearing, found that appellant’s failure to administer the Xanax constituted neglect, even though she found that there was no evidence that the resident suffered any ill effect from not receiving it.
Neglect in the context of this case is defined in section 415.102(20), Florida Statutes (1995) as follows:
“Neglect” means the failure or omission on the part of the caregiver ... to provide the care, supervision, and services necessary to maintain the physical and mental health of the disabled adult or elderly person, including, but not limited to, food, clothing, medicine, shelter, supervision, and medical services, that a prudent person would consider essential for the well-being of a disabled adult or an elderly person.... “Neglect” is repeated conduct or a single incident of carelessness which produces or could reasonably be expected to result in serious physical or psychological injury or a substantial risk of death.
The administrative law judge found the failure to give the resident Xanax was neglect because it was essential to his well being that he receive all medications prescribed.
There was no evidence presented as to when or how often the Xanax was to be given. Appellant was given the medicine by the resident’s wife at the time the resident came to live in the facility. It was not first prescribed during his stay there. Appellant took the position that, having been given no directions as to how to administer the Xanax, that it was reasonable for her to utilize her common sense and her training as a nurse to decide whether the Xanax was necessary. The evidence showed that the resident, who was wheelchair bound, was drowsy most of the time when he was in her facility, and therefore, she argues, there was no need to give him a sedative.
*358 Our scope of review is to determine whether the finding of neglect is supported by competent substantial evidence in the record. There is, in the present case, no competent substantial evidence that the failure of appellant to give her resident Xanax, during the eight days he was under her care, would constitute neglect under the definitions contained in section 415.102(20). The mere fact that it was prescribed, in our opinion, is insufficient, where appellant was given no direction as to when or how often it should be given. There was no evidence that a prudent person would consider Xanax essential for the resident’s well being or that the lack of it could be expected to cause a physical or psychological injury as provided in section 415.102(20). Moreover, the administrative law judge actually found that the resident had not suffered any ill-effect as a result of not receiving the Xanax.
We therefore reverse.
DELL and WARNER, JJ., concur.